UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

**GREAT LAKES REINSURANCE (UK) PLC,**

    **Plaintiff,**

v.                                          **Docket No. _____**

**WATERFRONT INVESTMENTS LLC dba
Stardust Marina and Resort;
MOUNTAIN COMMERCE BANK**

    **Defendants.**

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Great Lakes Reinsurance (UK) PLC, through counsel, seeks a declaration that the insurance policy it issued to the Defendant, Waterfront Investments *dba* Stardust Marina and Resort excludes from coverage damage to certain property by reason that the claimed damage was caused by perils and circumstances which are specifically excluded under the subject policy of insurance. For its Complaint for Declaratory Judgment, Great Lakes states to the Court:

### PARTIES

1.1. Plaintiff, Great Lakes Reinsurance (UK) PLC ("Great Lakes"), is a corporation, organized and existing under the laws of the United Kingdom with its principal place of business located in London.

1.2. Defendant, Waterfront Investments LLC, purportedly doing business as Stardust Marina and Resort, ("Waterfront") was originally organized as a limited liability company domiciled in the state of Tennessee with its principal and registered address

1

at 10325 Yellow Pine Ln., Knoxville, Tennessee 37932-3371. Its registered agent for service of process was George L. Potter. According to the Tennessee Secretary of State Waterfront Investments LLC is presently inactive, having been administratively dissolved in 2013. Waterfront's principal place of business is located at 149 Stardust Lane, Andersonville, Tennessee 37705.

1.3. Defendant, Mountain Commerce Bank is a Tennessee Corporation and State Chartered Bank. Mountain Commerce Bank is listed in the subject policy of insurance as a Loss Payee. Its principal and registered address is 201 S. Main Street, Erwin, Tennessee 37650-1141 where it can be served through its Registered Agent, William E. Edwards.

## JURISDICTION, VENUE AND CHOICE OF LAW

2.1. Great Lakes brings this action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2.2. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

2.3. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events and damages giving rise to this claim occurred in this judicial district. Further, in the policy of insurance upon which this action is based the parties have agreed that venue is proper in this court.

2.3. In the policy of insurance upon which this action is based the parties have agreed that the substantive law of the state of New York governs this dispute.

2

## GENERAL ALLEGATIONS

3.1     Pursuant to a renewal application for insurance that Waterfront submitted through its agent and broker to Great Lakes, policy no. CSRDP/0122 was issued for 12 months commencing on July 17, 2014 and expiring on July 17, 2015 (the "Policy").  A copy of the "Policy" is attached hereto as Exhibit "A".

3.2     Mountain Valley Insurance in Barbourville, Kentucky is Waterfront's agent and  insurance broker that obtained the policy for Waterfront.

3.3.    On or about February 21, 2015, east Tennessee, including Andersonville where Waterfront does business, experienced severe freezing temperatures accompanied by unseasonable amounts of snow and ice.

3.4.    On February 22, 2015, Waterfront's agent and broker on behalf of Waterfront reported that Waterfront suffered a *"Collapse"* loss on 2/21/2015 at 12:00 AM. The cause of loss as reported by Waterfront and Andrea Hurley of Mountain Valley Insurance was *"Severe Inclement Weather moved in overnight on Friday night/Saturday morning. Freezing rain and snow caused collapse . . . Dock 3 is definetly* (sic) *affected possibly other docks as well."*

3.5.    Great Lakes retained an independent adjuster, surveyor and structural engineer to assist it in investigating the scope and cause of the damage reported by Waterfront at its Stardust Marina and Resort on Norris Lake in Andersonville.

3.6.    Following a detailed investigation of the claimed loss, it was determined that damage was sustained to docks 2, 3, and 4 caused by or resulting from freezing and ice.

3

3.7. As a direct result of the weight of snow or ice dock no. 3 completely collapsed.

3.8. As a direct result of the weight of snow or ice docks 2 and 4 suffered substantial structural damage.

3.9. In addition, certain structural components of the property were found to have experienced corrosion, rust, wear and tear, deterioration, and lack of appropriate maintenance in addition to the loss and damage resulting from freezing and ice.

3.10. Great Lakes has sent communication of its findings to Waterfront, explaining that the loss and damage caused by freezing and ice, and/or collapse as a direct result of weight of ice or snow is excluded under the policy. Accordingly, Waterfront's claim for loss and damage resulting from freezing, ice and collapse was denied. Attached as Exhibit "B" is a copy of the denial letter sent to Waterfront.

3.11. Waterfront having become aware of the excluded cause of loss, with the assistance and advice of its agent and broker nonetheless has pursued its claim under the policy for the loss caused by freezing and ice, and/or collapse directly resulting from the weight of ice or snow.

## THE POLICY

4.1. The "Policy" provides under **Section A: Physical Property:**:

> If a sum insured is shown for Section A of the insuring agreement declaration page, we provide coverage for sudden accidental physical loss of, or sudden accidental physical damage to the Covered Property at the location as detailed in the Policy Schedule which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

4.2. The "Policy" states under **Covered Causes of Loss:**

4

Case 3:15-cv-00169-TAV-CCS   Document 1   Filed 04/20/15   Page 4 of 8   PageID #: 4

We will pay all losses as a result of direct physical loss to covered property except as a result of direct or indirect causes of loss as detailed in the exclusions below.

4.3. The "Policy," under **Exclusions to Covered Cause of Loss,** excludes loss or damage caused by, among other things:

vii) For loss or damage caused by or resulting from wear and tear, gradual deterioration, depreciation, lack of maintenance, weathering, insects, mould, animal and marine life, rust or oxidation, wet or dry rot, inherent vice, freezing and ice (including heaving of pilings)
viii) Collapse as a direct result of weight of ice or snow, settling, bulging, rackling, shrinkage, expansion or subsidence.

4.4. The "Policy" under **General Conditions & Warranties** provides:

2. For loss to Covered Property we will pay the lesser of the following amounts

a) The cost to repair, rebuild or replace on the same site with new materials of like kind and quality or:
b) Actual cash value of the property damaged
c) Our limit as noted on the Policy schedule attached hereto

This coverage does not cover any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair.

4.5. The "Policy" under **Service Of Suit, Choice Of Law And Forum** provides:

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to the substantive laws of the State of New York.
It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides.

4.6. Under the **Definitions** of the "Policy" the following terms, among others, are defined:

5

a) 'You and your' refer to the insured named on the declarations page and any person who possesses any legal or beneficial interest in any corporation, trust or entity either declared as the owner of the Covered Property or as an additional assured.

b) 'We, us and our' refer to the insurers named on the declarations page or accompanying schedule of insurers.

## CAUSE OF LOSS NOT COVERED

5.1. All allegations and averments in paragraphs 1.1 through 4.6 are adopted here and now as though set forth fully verbatim.

5.2. By the terms of the "Policy" the causes of loss for the claims asserted by Waterfront are excluded and not covered by the "Policy."

5.3. Because of the policy exclusions under **Exclusions to Covered Cause of Loss**, exclusions **vii** and **viii**, Great Lakes is entitled to a declaration that there is no coverage under the "Policy" for any damages or injuries claimed by Waterfront arising out of or in connection with the losses reported to have occurred on February 21, 2015.

5.4 Great Lakes reserves the right to amend this Complaint for Declaratory Judgment to raise any additional grounds or defenses to coverage which may later become apparent. The right to raise any other coverage defenses and rights are reserved as are all rights under the "Policy." All insuring agreements, terms, conditions, warranties, deductibles, and exclusions contained in "Policy" are reserved and incorporated herein.

## DECLARATORY RELIEF

6.1. All allegations and averments in paragraphs 1.1 through 5.4 are adopted here and now as though set forth fully verbatim.

6.2. Great Lakes' rights and obligations under the "Policy" have been called into question and, by this Complaint, Great Lakes seeks a declaration of its rights and obligations with respect to any claims arising from the aforementioned claim of loss and the "Policy."

6.3. Great Lakes desires a finding by this Court that under the "Policy," Great Lakes has no duty to pay, reimburse or indemnify any person or entity in connection with the aforementioned claim of loss.

6.4. There exists an actual controversy between Great Lakes and the Defendants relative to the policy and the claimed loss concerning their rights and duties in that Great Lakes contends that the "Policy" excludes from coverage any payment for aforementioned claim of loss.

6.5. There is a bona fide actual present and practical need for the declaration that no coverage exists under the "Policy" and a determination of the rights and obligations of Great Lakes.

WHEREFORE, Plaintiff, Great Lakes respectfully prays that:

A. Process issue and be served upon Defendants requiring them to Answer this Complaint and, thereafter, that this matter be advanced on the Court's calendar for a speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure;

B. For a declaration that Great Lakes is not obligated to make payment to any person or entity in connection with the aforementioned claim of loss; and,

C. Great Lakes further requests that it be awarded any and all such other and further relief to which it may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

SHUTTLEWORTH WILLIAMS, PLLC

BY: */s/ Michael G. Derrick*
    MICHAEL G. DERRICK (#14820)
    CRISTOPHER H. CRAIN (#19900)
    22 North Front Street, Suite 850
    Memphis, Tennessee 38103
    Telephone: (901) 526-7399
    mderrick@shuttleworthwilliams.com
    ccrain@shuttleworthwilliams.com

    W. SCOTT HICKERSON (#26369)
    800 South Gay Street, Suite 2031
    Knoxville, Tennessee 37929
    Telephone: (865) 622-7118
    wsh@shuttleworthwilliams.com
    **Attorneys for GREAT LAKES REINSURANCE (UK) PLC**

8

Case 3:15-cv-00169-TAV-CCS   Document 1   Filed 04/20/15   Page 8 of 8   PageID #: 8